**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Matthew G. Kleczewski, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>Messerli & Kramer, P.A., Gina C. Ziegelbauer, Esq., individually, and John Does, Esqs.,<br><br>    Defendants. | **Court File No.: 2:18-cv-422**<br><br>**<u>CLASS ACTION COMPLAINT</u>**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**I.**

**INTRODUCTION**

1.     Plaintiff, Matthew G. Kleczewski (hereinafter "Plaintiff") brings this action for damages, declaratory  and injunctive relief in response to Messerli & Kramer, LLC. (hereinafter Defendant Messerli); Gina C. Ziegelbauer's (hereinafter "Defendant Ziegelbauer"); and Defendant John Does' (hereinafter "Defendant Does") (collectively referred to as "Defendants") violations of the rights afforded to Plaintiff under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and  the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2.     Defendants knowingly and unnecessarily publicly filed Plaintiff's and many other similarly situated consumers' highly confidential and statutorily protected consumer

1

reports[1] as part of state court collection actions commenced in various Wisconsin courts statewide. Plaintiff seeks relief under the FCRA as such "use" of Plaintiff's consumer reports is not a permitted purpose, nor do the credit scores in any way "evidence" the writing of the underlying credit card transactions. Defendants' egregious practices run afoul of exactly the individual privacy rights Congress intended to prevent with its enactment of both the FCRA and FDCPA. The FCRA was passed to keep consumer credit reports strictly private and protected from unlawful disclosure to unauthorized parties. Defendants violated these privacy provisions and should now be held accountable.

3. Courts in the Seventh Circuit acknowledge that the purpose of the FDCPA as a whole is to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. §1692(a), and, as such, debt collectors are liable for failure to comply with "any provision" of the Act. 15 U.S.C. § 1692k(a). Courts in various other federal districts have acknowledged that the FDCPA is a broad remedial statute that imposes strict liability on debt collectors and its terms are to be applied in a liberal manner.

---

[1] As will be elaborated on below, a "credit score" is a "consumer report." *See*, 15 U.S.C § 1681a(d)(1)(A) and 15 U.S.C § 1681g(f)(2)(A). Consumer reports are statutorily protected by the FCRA from wrongful disclosure to third parties. For purposes of this Complaint, Plaintiffs will use the terms "credit report," "consumer report" and "credit score" interchangeably. They all maintain the same level of protection.

2

## II.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), 15 U.S.C. § 1692k and 15 U.S.C. § 1681(p) (FCRA).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims arose in this District and at all times herein relevant, Defendants operated and were employed when engaging in the collection conduct alleged herein, and have used a principal place of business in this District.

## III.

## PARTIES

6. Plaintiff resides in Waukesha County, Wisconsin. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b), a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is protected by, and entitled to enforce, the remedies of the FCRA and the FDCPA.

7. Defendant Messerli is a law firm headquartered in the State of Minnesota from an address of 1400 South Fifth Street, 100 South Fifth Street, Minneapolis, Minnesota 55415. Defendant Messerli also does business from the addresses of 500 West Silver Spring Drive, Milwaukee, Wisconsin 53217 and 3033 Campus Drive, Suite 250, Plymouth, Minnesota 55441. At all times herein relevant, Defendant Messerli regularly attempted to collect consumer debts alleged to be due

3

another. Defendant Messerli is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Messerli is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

8. Defendant Ziegelbauer is lawyer licensed to practice law in the State of Wisconsin. At all times herein relevant, Defendant Ziegelbauer regularly attempted to collect consumer debts alleged to be due another. Defendant Ziegelbauer is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Ziegelbauer is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

9. Defendant Does are, or were, likewise, lawyers licensed to practice law in the State of Wisconsin with offices at 500 West Silver Spring Drive, Milwaukee, Wisconsin 53217 or in Minnesota at 3033 Campus Drive, Suite 250, Plymouth, Minnesota 55441. At all times herein relevant, Defendant Does regularly attempted to collect consumer debts alleged to be due another. Defendant Does are, therefore, "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Does are also "persons" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and are thus subject to the requirements of the FCRA.

## IV.

## BACKGROUND INFORMATION

10. As a result of Defendants' conduct, Plaintiff and the putative class have suffered

an injury in fact, that injury is traceable to Defendants' conduct, and the harm is likely to be redressed by a favorable judicial decision.

11. As shown in the paragraphs that follow, the Plaintiff and the putative class have suffered "an invasion of a legally protected interest" which is their privacy of personal and financial information occasioned by the conduct of the Defendants.

12. The paragraphs below show that the legally protected interest is concrete and particularized and "actual or imminent" and has affected the Plaintiff and the putative class in a personal and individual way.

13. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.

14. The Court in *Spokeo* further noted that:

> *"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*
>
> *And,*
>
> *"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*

*Id* at 1549 (Emphasis Added).

15. Invasion of privacy is an example in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

5

16. The lead Senate sponsor, William Proxmire[2] stated that:

> *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*

(Emphasis Added).

17. One of the primary protections of the FCRA is the requirement that "users", such as Defendants, have a permissible purpose when they use a consumer report as demonstrated in 15. U.S.C. §§ 1681b(a) & 1681b(f).

## V.

## FACTUAL ALLEGATIONS

18. As a consumer, Plaintiff, and others similarly situated, sought credit by the use of credit cards for personal financial needs from various consumer credit card issuers.

19. Plaintiff had a Discover credit card ending in 3593, which constitutes a debt as that term is defined at 15 U.S.C. § 1692a(5).

20. Plaintiff was unable to repay the balance on his Discover credit card account.

21. Defendants, through one attorney, filed a state court collection complaint in the Circuit Court of Waukesha County on or about October 30, 2017, bearing the court file number 2017-SC-005039.

22. The complaint sought to recover a money judgment in the amount of $1,827.25 against Plaintiff for the unpaid balance on the credit card, plus costs and

---

[2] 115 Cong. Rec. 2413 (1969).

6

disbursements and interest.

23. In further court proceedings on February 12, 2018, Defendant Ziegelbauer attached a copy of a monthly billing statement referred to in paragraph 7 of her state court collection action Affidavit, specifically as Exhibit B, relating to Plaintiff's credit card debt.

24. Specifically, one document Defendants attached to the state court collection complaint was Plaintiff's credit score information for twelve months. (*See attached Exhibit 1 - Defendant Ziegelbauer's Exhibit B, Billing Statement dated June 12, 2016 through July 11, 2016, specifically page 5, which has been further redacted*).

25. Plaintiff's twelve month credit scores, which were published by Defendants, constitutes part of his private personal credit history as shown in his "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

26. This illegal use by publication of Plaintiff's twelve month credit scores violated the requirements of 15 U.S.C. §1681b(f) as none of the Defendants had a permissible purpose for using by publishing such protected personal private information in this manner.

27. Defendants had no permissible purpose for "using" Plaintiff's twelve consumer reports in its public filings, and, therefore, have violated the provisions of 15 U.S.C. §§ 1681b and 1681b(f).

7

28. Defendants, by filing the state court collection action, were attempting to collect the non-party Discover's credit card debt from Plaintiff.

29. Defendants' filing of Plaintiff's twelve personal consumer reports / credit scores violated 15 U.S.C. §§ 1692d, 1692e(10)and 1692f.

30. Upon information and belief, Defendants Ziegelbauer and Does are, or were associates or junior attorneys at, or employed by, Defendant Messerli.

31. Defendants have signed pleadings to be filed in court actions, attaching unredacted copies of the respective state court consumer/defendants' Discover monthly statement publishing the consumer's consumer reports.

32. Defendants had, at all times material, a duty to adequately supervise the professional legal activities of themselves, associates or junior attorneys.

33. Defendants, through acts or omissions, breached their duty by negligently and/or recklessly failing to adequately supervise associates or junior attorneys by failing to take reasonable steps to protect the rights of consumers' privacy as described herein.

34. As a direct and proximate result of Defendants' negligent and/or reckless supervision, Plaintiff suffered harm as described herein.

35. Defendants knew, or should have known, that publishing a consumer report as an attachment to an affidavit in support of a complaint filed in Wisconsin State courts was unlawful as this information had been redacted in other public filings predating the causes of action contained herein.

8

## VI.

## CLASS ALLEGATIONS

36. Defendants unlawfully "used" the twelve consumer reports / credit scores of Plaintiff and others similarly situated when they published said reports in their filing of collection proceedings in various state courts throughout the state of Wisconsin.

37. Upon information and belief, Defendants have on more than fifty (50) occasions within the past two (2) years filed state court collection actions against similar account holders wherein it unlawfully "used" the consumer report/scores, in violation of 15 U.S.C. §§ 1681b(f).

38. Plaintiff brings this action individually and as a class action.

39. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify two (2) classes.

40. The first class Plaintiff seeks to certify is defined hereinafter as the "FCRA Class":

> *All consumers that have had their consumer reports / credit scores published in various judicial court actions within two year of the date of the filing of this Complaint by Defendants.*

41. The second class that Plaintiff seeks to certify is defined hereinafter as the "FDCPA Class (2)":

> *All consumers that have had their consumer reports / credit scores published in various judicial court actions by Defendants within one year of the date of the filing of this Complaint.*

### *Rule 23(a) Requirements*

9

*Numerosity*

42. Various nonparty credit providers grant credit cards to consumers nationwide.

43. Some of those consumers may have, at one time or another, defaulted on their credit card obligations.

44. Some of the nonparty credit issuers, have used Defendants and various Defendant Does, to file affidavits containing credit scores in collection actions against such a large number of consumers such that joinder of all in this lawsuit would be impracticable.

45. Defendants' conduct debt collection activities have filed collection actions against consumers on behalf of nonparty credit issuers.

46. Therefore, the estimated number of class members for each class is in excess of fifty (50) persons.

*Commonality*

47. All members of the FCRA and FDCPA Classes (hereinafter "Classes") had their rights violated in the same manner by the same illegal actions of Defendants.

48. Common evidence, in particular (1) a list of consumer debtors who have had illegal affidavits filed in court for collection suits/actions filed against them by Defendants; and (2) collection files of Defendants concerning consumers who have had affidavits in collection suits filed against them specifically by Defendants, will drive resolution of the claims of the Classes.

10

49. Statutory relief under the FCRA and FDCPA is directed based upon the common conduct of Defendants, and not the subjective, individual experiences of members of the FCRA and FDCPA Classes.

### *Typicality*

50. Plaintiff has the same claims to statutory relief as do all other members of the Classes.

51. Any defenses that Defendants may have to liability or quantum of statutory damages with respect to Plaintiff's claims would be generally applicable to all members of the two Classes.

### *Adequacy*

52. Plaintiff brings this lawsuit after an extensive investigation of Defendants' alleged misconduct.

53. Plaintiff brings this lawsuit with the intention to stop Defendants' unlawful practices and recovery statutory remedies for all consumers affected.

54. Plaintiff will continue to vigorously pursue relief for the Classes.

55. Plaintiff's counsel, the Consumer Justice Center, P.A and Lyons Law Firm P.A., have been certified as class counsel in numerous of class actions enforcing consumer rights laws in this District and/or other districts of the United States federal courts.

56. Plaintiff's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

11

### *Rule 23(b)(3)*

### *Predominance/Superiority*

### *Predominance*

57. Statutory relief under the FCRA and FDCPA follows from facts that Defendants acted in a manner common to the entire class and not the subjective experience of any one complainant.

58. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the two classes.

### *Superiority*

59. Plaintiff and his counsel are not aware of any other pending actions against Defendants.

60. Members of the Classes have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

61. Upon information and belief, few if any members of the Classes are fully aware that Defendants' actions were unlawful.

62. The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

## VII.

## CAUSES OF ACTION

## COUNT I.

## FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681 et seq.

## AGAINST ALL DEFENDANTS

63. Plaintiff incorporates by reference all the foregoing paragraphs.

64. Defendants willfully violated provisions of the Fair Credit Reporting Act, as outlined above.

65. Defendants' violations include, but are not limited to, 15 U.S.C. §§ 1681b and 1681b(f) and established Federal law.

66. As a result of the above and continuing violations of the FCRA, Defendants are liable to Plaintiff in the sum of statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive relief.

## COUNT II.

## FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692 et seq.

## AGAINST ALL DEFENDANTS

67. Plaintiff incorporates by reference all the foregoing paragraphs.

68. Defendants' foregoing acts and omissions constitute violations of the FDCPA, as outlined above.by Defendants engaged in unlawful debt collection activity when filing the affidavits in collection action against Plaintiff and the class by

13

simultaneous filing of the Plaintiff's twelve consumer reports / credit scores, in violation of 15 U.S.C. §§ 1692d and 1692f. As a result of Defendants' violations of the FDCPA, Plaintiff and the class are entitled to statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## VIII.

## TRIAL BY JURY

69. Plaintiff is entitled to, and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## IX.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that a Judgment be entered against Defendants awarding him the following relief:

- certifying the action as a class;
- ordering that Plaintiff's counsel be named as class counsel;
- awarding Plaintiff and the FCRA Class appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
- awarding Plaintiff and the FCRA Class costs and reasonable attorney's fees and post judgment interest pursuant 15 U.S.C. §1681 *et seq.*;
- an order enjoining the Defendants from further violations of the Fair Credit Reporting Act relative to the Defendants' inclusion of consumer reports / scores in all such pleadings filed in various state courts;
- an Order instructing Defendants to move to seal all class members' Wisconsin state court collection files;
- awarding Plaintiff statutory damages against the Defendants for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding the FDCPA Class members statutory damages against Defendants for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

14

- awarding Plaintiff and the FDCPA Class members reasonable attorney's fees and costs against Defendants;
- any other appropriate declaratory and/or injunctive relief; and
- such other and further relief as the court deems just and equitable.

Dated this 16th day of March, 2018.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
Email: tommy@consumerjusticecenter.com

Thomas J. Lyons, Esq.
WI Attorney I.D. #:  1019127
LYONS LAW FIRM P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 770-5830
Email: tlyons@lyonslawfirm.com

***ATTORNEYS FOR PLAINTIFF AND THE CLASS***

15

## **<u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>**

STATE OF WISCONSIN        )
                                   ) ss
COUNTY OF <u>Waukesha</u>     )

Matthew G. Kleczewski, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                                          <u>s/Matthew G. Kleczewski</u>
                                          Matthew G. Kleczewski


Subscribed and sworn to before me
this <u>13</u> day of March, 2018.


<u>s/K.R. Jungen</u>
Notary Public

16