UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: May 21, 2020
JUDGE: Pamela Pepper
CASE NO: 2018-cv-422
CASE NAME: Matthew Kleczewski v. Messerli & Kramer PA, *et al*.
NATURE OF HEARING: Motion Hearing
APPEARANCES: Thomas Lyons, Jr. – Attorney for the plaintiff
Derrick Weber – Attorney for the defendant
COURTROOM DEPUTY: Kristine Wrobel
TIME: 2:04 p.m. – 2:53 p.m.

**AUDIO OF THIS HEARING AT DKT. NO. 92**

The court noted that while it had scheduled this hearing to rule on the pending motions, it would not rule on the motion for summary judgment today. The parties indicated there were no developments since the court scheduled the hearing.

Counsel for the plaintiff laid out the six motions that he believed were pending. The court indicated that it had five of those six motions, but that it had not seen the letter/motion at Dkt. No. 50 or the response at Dkt. No. 54. The court said that it would look at the letter/motion after the hearing.

The parties agreed that Dkt. Nos. 58, 69, 74, 77, 81 and 87 needed resolution. The court indicated it would not rule on the motion for summary judgment (Dkt. No. 69) at today's hearing.

The court first addressed the defendant's motion to compel plaintiff's discovery responses. Dkt. No. 58. Noting that the parties had worked through several of their disagreements, there were three categories that the parties agreed were still in dispute; medical information, employment records and attorney's fees documentation. Dkt. No. 61 at 2.

Regarding the medical records, the court ruled that a request for fifteen years of records—including dental records—was unduly burdensome. To require the plaintiff to identify each date of examination or treatment—of any kind—fifteen years ago was not relevant to the plaintiff's claim. The plaintiff had represented to this court that he was not making a claim based on medical records and did not have a medical expert. Dkt. No. 61 at 3. The plaintiff testified in his deposition that he did not seek treatment in connection with the defendant's actions. Id. at n. 2. The court said that it would hold the plaintiff to these representations if the case goes to trial and would not allow him to introduce medical records or call an expert regarding his claim for emotional distress. On the other hand, the court found, a party cannot inject his psychological condition into the case and expect to be able to prevent discovery of information relating to those issues. Adams v. Ardcor, 196 F.R.D. 339, 343

1

(E.D. Wis. 2000). The court said that the defendant should narrow the time frame of its request and should limit it to medical records relating to the plaintiff's claims of heightened anxiety and sleeplessness. The court will deny the motion to compel as to the extent that it asks for fifteen years of medical records and for medical records not related to heightened anxiety and sleeplessness, and will deny the motion as to interrogatories nine and ten.

As to the employment records, the plaintiff was not seeking damages for missed work, but the defendant requested dates the plaintiff missed work since September 9, 2017, as well as a copy of the plaintiff's employment files since 2013. The court again concluded that the information was not relevant to the plaintiff's claims. It noted that the employment files (which weren't in the plaintiff's possession anyway) would contain personal and confidential information and found that demanding records of how many times the plaintiff missed work was tangential to the plaintiff's claims. The court denied the defendant's motion to compel as to interrogatories twelve and thirteen.

Regarding, the documentation of damages, including attorney fees, the court pointed out that the cases cited by the defendant involved criminal proceedings where the fee information had evidentiary value relating to the charges. In this civil suit, fees would be relevant only if the plaintiff prevails. The defendant appears to want the information solely so that it can value the case. The court ruled that the defendant may ask for documents supporting the claim for damages, as framed in document production request #5. But the court would not require the plaintiff to create documents, such as billing statements, that do currently exist. The court denied the defendant's motion to compel as to interrogatories eight and fourteen granted it as to interrogatory five to the extent that the plaintiff has relevant documents.

Next, the court addressed the expedited motion to compel continued deposition, production of documents and sanctions and the expedited motion to amend/correct scheduling order. Dkt. Nos. 74, 81. The plaintiff first had filed The plaintiff filed the motion to compel continued deposition, production of documents and sanctions, which did not comply with Rule 7(h). Dkt. No. 74. The plaintiff had filed that motion over a month after the deadline for filing non-dispositive discovery motions. On January 7, 2020, the defendant responded to the motion by pointing out that the plaintiff filed the motion *after* the motions deadline had passed and *after* the defendant filed its motion for summary judgment. Dkt. No. 80. Two days later the plaintiff filed an expedited non-dispositive motion to amend the scheduling order for the limited purpose of allowing the court to hear the plaintiff's motion to compel. Dkt. No. 81. Because the plaintiff filed Dkt. No. 74 after the court-ordered deadline, the plaintiff must show excusable neglect under Rule 6(b)(1)(B). The plaintiff cited "end of the year holidays" and his travel schedule as making the deadline impossible. But the court noted that the deposition occurred on September 12, 2019 and the correspondence indicated that the parties conferred on October

2

22, 2019—over a month before the deadline. On November 7, 2019, the defendant provided a responsive letter, privilege log and version control log, as well as supplemental documents. Dkt. No. 82 at 3. The court also noted that the defendant already had filed its motion for summary judgment.

The court concluded that the plaintiff's motion cited little more than inadvertence. The plaintiff knew in September that he had additional questions after the September 12, 2019 30(b)(6) deposition but waited months to bring the motion. The plaintiff's attorney did not adequately explain how the holidays in October and November prevented him from filing prior to the November 27, 2019 deadline. Further, he filed the motion to compel *after* the defendant moved for summary judgment and that motion now is fully briefed. The court stated that it would deny the plaintiff's motion to amend/correct the scheduling order. Dkt. No. 81. For that reason, the court also denied the plaintiff's motion to compel deposition, documents and for sanctions as untimely. Dkt. No. 74.

The court observed that the defendant had not responded to the plaintiff's motions to restrict documents—Dkt. No. 77 seeking to restrict Exhibit D and Dkt. No. 87 seeking to restrict Exhibit 1. The court explained the Seventh Circuit's position on the showing a party must make in support of restricting and document and opined that the plaintiff had not made that showing in either motion. The first motion asked to seal Exhibit D, which included the state court pleadings at issue in this litigation. The plaintiff stated only that he sought to protect information within the scope of Federal Rule of Civil Procedure 5.2, which allows a party to redact to include only the last four digits of a SSN, the year of the individual's birth, a minor's initials and the last four digits of the financial account number. Fed. R. Civ. P. 5.2. The plaintiff has not made those redactions; instead, the plaintiff asked the court to seal all eighty pages of the state court pleadings. The pleadings include the affidavit of Gina Ziegelbauer and the terms of the cardmember agreement; the court could not imagine why these documents would need to be restricted.

The plaintiff also asked the court to seal Exhibit 1 to the affidavit of Tom Lyons. Dkt. No. 87. That motion again cited Fed. R. Civ. P. 5.2. Dkt. No. 87. Exhibit 1 is the declaration of Trans Union, LLC's Business Records Custodian, Donald Wagner, who said that the documents attached to the declaration were true and correct copies. The documents were not attached and there was no financial information or other identifiers in Exhibit 1. The court speculated that perhaps the plaintiff had asked the court to restrict the wrong document. It said that if there was any information in that document that needed restricting, the plaintiff must identify it and explain why it should not remain open to the public. Simply citing to Fed. R. Civ. P. 5.2 is not enough. The court will allow the plaintiff to file amended motions that comply with this court's local rule and with the Seventh Circuit's directive that a party seeking to restrict a

3

document analyze in detail, document by document, the propriety of the requested secrecy and provide reasons.

The court told the parties that it was working on the motion for summary judgment but believed it would be worthwhile for the parties to consider mediation. The court explained that it could assign a magistrate judge to the case quickly and that the magistrate judges were conducting mediations by videoconference. The parties agreed to mediation with a magistrate judge as soon as the court could assign one to the case. The court will stay all deadlines pending the mediation.

The court **GRANTS IN PART AND DENIES IN PART** the defendant's motion to compel. Dkt. No. 58.

The court **DENIES** the plaintiff's expedited motion to compel deposition, production of documents and sanctions. Dkt. No. 74.

The court **DENIES** the plaintiff's expedited motion to amend/correct scheduling order. Dkt. No. 81.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motions to restrict. Dkt. Nos. 77, 87.

The court **STAYS** all deadlines pending the outcome of mediation.

Dated in Milwaukee, Wisconsin this 21st day of May, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
